IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANKLIN LEE HUDGENS,<br>    ID # 58226-177,<br>        Movant,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | )<br>)<br>)<br>)   No. 3:18-CR-0573-B-BH<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

By electronic order of reference dated November 10, 2020 (doc. 447), before the Court is the *Motion for Release of Discovery,* received on November 3, 2020 (doc. 446). Based on the relevant filings and applicable law, the motion is **DENIED**.

### I. BACKGROUND

Franklin Lee Hudgens (Defendant) entered a plea of guilty to one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841 pursuant to a plea agreement on October 9, 2019. (*See* docs. 277-79, 299-301.) He was sentenced to a term of imprisonment of 168 months by judgment entered on February 27, 2020. (*See* doc. 383.) He filed a notice of appeal on March 11, 2020, as well as a motion for counsel to withdraw and for appointment of counsel for appeal. (*See* docs. 386-87.) The motions were granted, his trial counsel was permitted to withdraw, and counsel was appointed to represent him on appeal. (*See* docs. 392-94.) His appeal is currently pending.

### II. MOTION TO COMPEL

The movant seeks to "compel the U.S. Government to release any, and all, documents, both used and not used, in reference to the case: 3:18-cr-573 and the defendant Franklin Lee Hudgens." (*See* doc. 446.)

A. **Discovery**

A movant under 28 U.S.C. § 2255 "'may invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'" *United States v. Trevino,* 554 F. App'x 289, 295 (5th Cir. 2014) (quoting *United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004)).[1]  A "district court 'must allow discovery . . . only where a factual dispute, if resolved in the [movant's] favor, would entitle him to relief[.]'" *Id.* (quoting *Webster*, 392 F.3d at 801-02.)  To obtain discovery, the movant "'must set forth specific allegations of fact.'" *Id.*

A defendant "is not entitled to discovery prior to filing a § 2255 motion," however. *United States v. Cole*, No. 5:09-CR-004-10-C, 2012 W 13088780, at *3 n. 3 (N.D. Tex. Apr. 17, 2012) (citing *United States v. MacCollom,* 426 U.S. 317, 325-26 (1976) (defendant has no constitutional right to free copy of trial transcript or other court records for use in collateral proceeding) and *United States v. Carvajal*, 989 F.2d 170 (5th Cir. 1993) (defendant was not entitled to receive documents because no § 2255 motion was pending when he filed motions seeking documents in district court)); *see also United States v. Gossett*, No. 4:16-cr-131-O, 2019 WL 7811193, at *2 (N.D. Tex. Apr. 1, 2019)*; United States v. Prather*, No. 3:10-cr-218-D (01), 2016 WL 6893626, at * 1-2 (N.D. Tex. Nov. 23, 2016).  Where a defendant "has already been tried and convicted and has no pending § 2255 Motion before the Court, there is no procedural basis for [a] Motion for Discovery and it must be denied." *United States v. McNair*, No. 1:00cr89-DCB, 2011 WL 2194015, *1 (S.D. Miss. June 6, 2011).

---

[1] Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts [Section 2255 Rules] grants the Court discretion to "authorize a party to conduct discovery", upon a showing of good cause.  The requesting party "must provide reasons for the request" and "include any proposed interrogatories and requests for admission, and must specify any requested documents."  *See* Section 2255 Rule 6(b).

Here, there is no pending § 2255 motion, so Defendant's motion for discovery must be denied. Even if his motion had been filed in the context of a § 2255 proceeding, which it is not, he makes no specific allegations of fact or otherwise show good cause warranting discovery.

**B.      Free Copies**

District courts have also liberally construed post-judgment motions to compel the government to provide discovery as seeking free copies of court filings. *See Gossett*, 2019 WL 7811193, at *1; *United States v. Brito*, Cr. No. C-07-398, 2008 WL 4747208 (S.D. Tex. Oct. 20, 2008). Indigent defendants do not have a constitutional right to free copies of transcripts or other court records for use in collateral proceedings. *U.S. v. Ramos-Barrera*, 466 F. App'x 334 (5th Cir. 2012) (per curiam) (citing *MacCollom,* 426 U.S. at 325-26); *United States v. Peralta-Ramirez,* 266 F. App'x 360, 361 (5th Cir. 2008) (per curiam). Defendants must satisfy the requirements of 28 U.S.C. § 753(f), which" provides for a free transcript for indigent prisoners asserting a claim under § 2255 if a judge certifies that the asserted claim is not frivolous and that the transcript is needed to decide the issue.'" *United States v. Davis*, 369 F. App'x 546, 546-47 (5th Cir. 2010) (per curiam) (quoting *MacCollom,* 426 U.S. at 320-21)). Section 753(f) of Title 18 provides:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f).

The Fifth Circuit has made clear that there is no entitlement to a free transcript so that an indigent defendant may conduct a "fishing expedition" in search of support for a potential §2255

motion. *See United States v. Caravajal*, 989 F.2d 170 (5th Cir.1993); *see also United States v. Herrera,* 474 F.2d 1049, 1049-50 (5th Cir.1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent."); *Walker v. United States*, 424 F.2d 278, 278 (5th Cir. 1970) (same). Likewise, there is no need for free transcripts to decide issues or claims that have not yet been asserted in a § 2255 motion, as in this case. *See Peralta-Ramirez*, 266 F. App'x at 361 (citing *Caravajal*, 989 F.2d at 170); *McNair*, 2011 WL 2194015, *1; *Brito*, 2008 WL 4747208 (quoting *Herrera,* 474 F.2d at 1049-50).

### III. CONCLUSION

Defendant's motion is **DENIED**.

**SIGNED this 12th day of November, 2020.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE